N° 229   Sup. Court   John Jacob Astor   Joseph Rolette & Robert Stuart   William R. Jonette impl$^d$ with Jefferson Vail ——

Filed Jan$^y$ 8. 1835

John Jacob Astor   Joseph Rolette & Robert Stuart   Merchants trading under the firm of The American Fur Company vs: William R. Jonette impleaded with Jefferson Vail—   — March 12th 1834 —

Territory of Michigan
Supreme Court   towit:   The United States of America

To the Honorable the Additional Judge for the Michigan Territory and Judge of our Court Commonly called the Circuit Court for the Counties of Iowa & Crawford in said Territory of Michigan   Greeting:

564

[SEAL] Because in the Record and proceedings and also in the giving of Judgment in a plaint which was in our Said Court Commonly called the Circuit Court of the United States for the Counties of Iowa & Crawford — before you between John Jacob Astor Joseph Rolette and Robert Stuart Merchants trading under the firm and Style of the American Fur Company plaintiff and William R. Jonette impleaded with Jefferson Vail defendant Manifest Error hath intervened to the great damage of the said plaintiffs as by their complaint we are informed; we being Willing that the Error if any there be should in due manner be corrected and full and Speedy justice done to the parties aforesaid in this behalf, do Command you that if Judgment be thereupon given that you send to the Judges of the Supreme Court of the Territory of Michigan aforesaid distinctly and openly under your seal the Record and proceedings of the plaint aforesaid with all things concerning the same, and this writ, so that they may have them on the first Monday of June next at the Court house in the city of Detroit in the said Territory, that the record and proceedings aforesaid being inspected we may cause to be further done thereupon for correcting that Error, what of right and according to the Law of the land ought to be done—

Witness The Honorable Solomon Sibley Presiding Judge of the Supreme Court of the Territory of Michigan at the City of Detroit this twelfth day of March in the Year of our Lord one thousand Eight hundred and thirty four, and of the Independence of the United States of America the fifty Eighth—

JN° WINDER

Cole & Porter Attorneys Clerk.

I certify that approved security has been given for the prosecution of the within writ. March 12 1834 G W. MORELL Jud$^g$ Sup. Court M. T. Served the within on T. P. Burnette Esq$^r$ Attorney for defendants, and a Copy left with him— HENRY SLEEPHACK Actg Sheriff Crawford County M. T. May 2$^d$ 1834

*[Attached to the foregoing]*

Territory of Michigan County of Iowa

*The American Fur C° vs William R Jouett* } Circuit Court of the United States for the Counties of Iowa and Crawford Oct$^r$ Term 1833

Be it remembered that heretofore, Towit, on the 24th day of September 1832 the said plaintiffs commenced an action of trespass &$^c$ against the said defendant in the County Court of Crawford County, and filed theire declaration againt him in said Court, on the 2nd day of November 1832, which said declaration is in the words and figures following Towit

Territory of Michigan County of Crawford } ss County Court of said County of Nov$^r$ Term 1832

County of Crawford Towit

John Jacob Astor Joseph Rolette and Robert Stuart, Merchants trading under the Style and firm of the American Fur Company complain of William R Jouett and Jefferson Vail The said William being in custody &c and the said Jefferson being not found &$^c$ of a plea of Trespass, For that the said defendants on the first day of July in the year of our Lord One thousand eight hundred and thirty two, with force and Arms &c Towit at or near Lake Pepin on the Mississipi River and within the Jurisdiction of this Court, Seized, took and carried away one certain Batteau Commonly Called a Mackinau Boat with its Tackle and riggin the property of the said plaintiffs of great value towit of the value of eight hundred dollars together

with the Cargo of said Batteau consisting of goods wears and Merchandize the property of the said plaintiffs, also of great value towit of the value of twenty thousand dollars, and then and there detained and carried away the said Batteau and her said cargo and then and there kept and detained the same for a long space of time from the said plaintiffs Towit for the space of fifteen days and converted and disposed thereof to the use of the said defendants and other wrongs to the said plaintiffs then and there did against the peace of the United States and to the damage of the said plaintiffs of One thousand dollars— And also for that the said defendants aided and assisted by a strong military force acting under the orders and and, by the advice and Command of the said defendants, on the said first day of July in the yeare of our Lord One thousand eight hundred and thirty two, at or near Lake Pepin on the Mississipi River and within the Jurisdiction of this Court, with force and arms did make an assault upon the said plaintiffs and upon Hazen Moore, Louis Provancelle, Joseph Bourcier, George Cournoyer, Antoin Arseneau, Pierre Felix Moyese Lebrin, Francois Gamille, Jacques Lefelore, Jean B^t Gartin Joseph Robinette, Francois Lavigne, Jean B^t Noro and Michel Laclair (They, the said persons above named then and there being in the service and employ of the said plaintiffs and about theire lawfull business) and did then and there beat bruse and ill treat them the said plaintiffs and the said Hazen Moore, Louis George, Joseph, Antoin Pierre, Felix, Moyese, Francois Jacques, Jean, Joseph, Francois Jean B^t Noro and Michel, and then and there imprison them, and Marched them to a great distance from the place aforesaid, Towit, a distance of one hundred Miles to Fort Snilling and then and there kept and detained them prisoners without any reasonable or probable cause therefore, for a long space of time Towit for the space of fifteen days Contrary to the laws of the United States and against the will of the said plaintiffs during all which time they the said plaintiffs were deprived of the servises of theire said Clerks and servants and of all the benefit and advantages Which might and would otherwise have arison and accrued to them from and by such services: and other wrongs to the said plaintiffs then and there did against the peace of the United States, and to the damage of the said plaintiffs of two thousand dollars. And therefore they bring theire suit &c

signed   J. D. Doty<br>Att^y for Plaintiffs

pledges &c
John Doe & Richard Roe

That afterwards Towit, on the 10th day of September 1833 the said defendant did remove the said Action from the said County Court into this Court by a writ of Habeas Cum Causa

That afterwards Towit on the 10th day of Oct^r 1833 The said defendant did file two special pleas to the said declaration which said pleas are in the words and figures following Towit

| | |
|---|---|
| *William R Jouett Impleaded with* | District Court of the United States |
| *Jefferson Vail vs* | for the District of Iowa &^c Of the |
| *The American Fur C^o* | Term of Oct^r 1833 |

1st And the said defendant coms &c When &c and for plea to the first count in the said plaintiffs declaration contained, Says that at the time specified in the said first cout and for a long time previous and subsequent thereto he was a captain in the Army of the United States duly Commissioned and quallified haveing the command of the Military Garrison at Fort Snilling on the Mississipi River and that as such Officer it was his duty to obey and execute all the lawfull orders and commands of the President of the United States and that the president of the United States

by virtue of the power vested in him by an act of Congress entitled an Act to regulate trade and intercourse with the Indian tribes and to preserve peace on the frontiers approved March the 30th 1802 and an act of Congress entled an act to amend an act entled an act to regulate trade and intercourse with the Indian Tribes and preserve peace on the frontiers Approved May 6th 1822 and Act entitled an act to provide for the appointment of a Commissioner of Indian Affairs and for other purposes Approved July 9th 1832 and in Execution of the said several acts of Congress required and Commanded the defendant as such Officer as aforesaid to cause all store and Packages of goods of all traders coming or passing up the Mississipi River into and within the limits of the Indian Country Whenever the same were known or suspected to contain ardent spirits to be searched and when ever ardent should be found among any such stores or Packages to take and Seize the said stores and packages and the same when taken to hold and keep to be proceeded against as a forfiture according to the provisions of the above recited acts and that in obediance to the requirements and commands aforesaid this defendant did, at or near Lake Pepin in the Indian Country search and examin a certain Batteau Commonly Called Boat belonging to the said plaintiffs they being Indian traders in the said plaintiffs declaration mentioned at the time in the said plaintiffs specified Suspecting the same to contain ardent Spirits Seized and took therefrom sixteen Casks of Ardent spirits and held and kept the same liable to be proceeded against under and according to the provisions of the above recited acts of Congress which is the same trespass by the said plaintiffs above in theire said first Count Complained of and this the are ready to verify &c.     2nd   And for further plea in this behalf the said defendant says; that as to the second Count in said declaration and the said assault and battery and false imprisonment therein alledged to have been committed he the said defendant on the said first day of July 1832 was a Captain in the army of the United States duly Commissioned and qualified haveing the command of the Military garrison of Fort Snelling on the Mississipi River and as such Officer it was his duty to obey and execute all the lawfull orders and commands of the president of the United States, and that the President of the United States by virtue of the power vested in him by the act of Congress entitled An act to regulate trade and intercours with the Indian Tribes and to preserve peace on the frontiers Approved March 30th 1802 and an act of Congress entitled an act to amend an act entitled an act to regulate trade and inter-course with the Indian tribes and to preserve peace on the frontiers approved May 6th 1832 and an act of Congress entitled and act to provide for the appointment of a commissioner of Indian affairs and for other purposes aproved July 9th 1832 and in execution of the said several acts of Congress required and commanded the said defendant as such officer as afore said to cause all stores and Packages of goods of all traders coming or passing up the Mississipi River into and within the Indian Country when ever the same were known or suspected to contain ardent spirits To be searched and whenever ardent spirits sould be found among such stores and Packages to take and sieze the said stores and packages and the same when taken to hold and to keep to be proceeded against as a forfiture according to the provisions of the above recited acts and that in obediance to the commands and requirements aforesaid he the said defendant did at or nere Lake Pepin in the Indian Country search and examin a certain Batteau commonly called a Mackinau Boat, belonging to the said plaintiffs, they being then and there Indian Traders in the said plaintiffs declaration Mentioned at the time in the said declaration specified Suspecting the same containing ardent spirits and seize and took therefrom sixteen Casks of Ardent

spirits and held and kept the same liable to be proceeded against under and according to the provisions of the above recited acts of Congress and that the said plaintiffs and the said Hazen Moore    Louis Provancelles    Joseph Bourcier, George Cournoyer    Antoin Arseneau, Pierre Felix    Moyese Lebrin, Francois Gamelle, Jacques Lefelore, Jean B$^t$ Gartin, Joseph Robinette, Francois Lavigne, Jean B$^t$ Noro and Michel Laclaire the servants of the said plaintiffs in the said declaration mentioned then and there resist the said defendant and refused to permit him to search the said Batteau Commonly called a Mackineau Boat altho duly notified of his lawfull authority so to do and that he the said defendant then and there as such officer as aforesaid and in order to enable him to search the stores and Packages of goods therein then and there Contained and then and there suspecting the same to contain ardent spirits, in obediance to the requirements and commands aforesaid then and there gently laid his upon them the said plaintiffs and the said Hazen Moore, Louis Provancelle, Joseph Bourcier, George Cournoyer, Antoin Arseneau, Pierre Felix    Moyese Lebrin    Francois Gamelle, Jacques Lefelore, Jean B$^t$ Gartin, Joseph Robinette, Francois Lavigne, Jean B$^t$ Noro and Michel Leclaire the servants of the said plaintiffs in the said declaration Mentioned as he the said defendant then and there as such officer as aforesaid acting as aforesaid lawfully might do and that he the said defendant then and there committed no more violence upon the said plaintiffs and theire said servants and used no more forc towards them than was absolutely nessessary to enable him to make the search aforesaid in Obediance to the commands and requirements afore said which is the same trespass by. the said plaintiffs in the second Count of the said declaration, alledged to have been committed against them and this he is ready to verify wherefore &c—

Hempsted, Mills, & Burnett<br>Att$^{ys}$ for Defendant

To which pleas the said plaintiffs did reply in manner and form Towit

*The American Fur C$^o$ vs*  
*William R Jouett*   } Trespass

And the said plaintiffs say that they by reason of any thing which is contained in the first plea of the said defendant above pleaded ought not to be precluded from haveing and maintaining thiere aforesaid action against him because they say that altho true it is that the said defendant was at the time specified a Captain in the army of the United States, and as such bound to obey all lawfull orders Issued by the President of the United States, yet the said plaintiffs do deny that the said President was authorised by law or did issue to the said defendant the said orders, Comands or requirements in the said plea stated or that he the said defendant was authorized or required, to search, seize hold and keep the said Mackinaw Boat and Merchandize in the said declaration Mentioned at near the said Lake Pepin on the Mississipi River or that the said Lake Pepin or the said Mississipi river are Indian Country, And the said plaintiffs aver that on the said first day of July 1832 that they were autherised and permitted by law to travel upon the said Mississipi River with theire said Boat and Merchandize and that it was not theire intention to enter into the Indian Country in violation of the said act entitled an act to regulate trade and intercourse with the Indian tribes and to preserve peace on the frontiers approved March 30th 1802 and the act entitled an act to amend an act intitled an act to regulate trade and intercourse with the Indian tribes and preserve peace on the frontiers approved May the 6th 1822 Wherefore the pray That the said matters

above set forth and theire said damages in theire declaration mentioned may be required of by the Country &c—

And the said plaintiffs say that they by reason of anything which is contained in the plea of the said defendant secondly above pleaded ought not to be precluded from haveing and mantaining theire aforesaid action against him, because they say altho true it is that the said defendant was at the time specified a Captain in the army of the United States and as such bound to obey all lawfull order of the President of the United States yet they the said plaintiffs do deny that the said Prisident was autherised by law or did issue to the said defendant the said orders commands and requirements in the said plea stated or that he the said defendant was autherised or required to search, seize, hold and keep the said Mackinaw boat and Merchandize in the said declarationed mentioned at or near the said Lake Pepin on the Mississipi River, or that the said Lake Pepin or the Mississipi River are Indian Country and the said plaintiffs aver that on the said first day of July 1832 that they were autherised and permitted by law to travel upon the said Mississipi river with theire said Boat and Merchandize and with theire said Clerks and servants in theire declaration named, and that it was not the intention of the said plaintiffs to enter into the Indian Country, nor did they enter the Indian Country, in violation of the said act entitled and act to regulate trade and inter-course with the Indian tribes and to preserve peace on the frountiers approved March 30th 1802 and an act of Congress entitled an act to amend an act to regulate Trade and intercourse with the Indian Tribes and to preserve peace on the froun-tiers" approved May the 6th 1822 and the said plaintiffs further aver that the said defendant did at the time and place mentioned in theire declaration and in the manner therein stated violently assault and then and there take and imprison the said plaintiffs and theire said clerks and Servants and march them to a great dis-tance Towit to Fort Snelling on the west bank of the Mississipi River and beyond the civil jurisdiction of any State or Territory, and then and there kept and held them imprisoned for a long space of time Towit for the space of fifteen days, and other wrongs then and there did &c to the great damage of the plaintiffs Wherefore they the said plaintiffs pray that the said matters above set forth and theire said damage in theire said declaration mentioned may be inquired of by the Country &c

Strode & Doty
Att<sup>ys</sup> for the plaintiffs

That the said defendant did on the 12th day of Octr 1833 file a general demurrer to the said replication, in which demurrer the said plaintiffs did then and there join; and after argument there of the said Judge did then and there give his opinion and decide that the said demurrer should be sustained and did then and there give Judgment for the said defendant for his Costs &c    To which opinion and decision the said plaintiffs by theire Council did then and there except and tendered this his bill of exception and prayed that the said bill might be signed by the said Judg which is granted accordingly

David Irvin      (S)
Ad<sup>l</sup> Judge for
Michan

Therefore it is considered that the said defendant do recover of the said plaintiffs his Costs by him about his suit in this behalf expended &c and that he do go thereoff without day &c—

I Robert Dougherty Deputy Clerk of the County of Iowa, do certify that the preceeding is a true Copy of the record in the above intitled suit of the American Fur Company against William R Jouett——

        Given under my hand and the seal of the Circuit Court of the United
(LS)    States for the Counties of Iowa & Crawford this 10th day of May 1834 a scrawl used to official seal yet provided

                          Rob<sup>t</sup> Dougherty   Dep<sup>y</sup> Clk I Ct